UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

                                                    Criminal Case No. 12-20218

v.

                                                    Hon. Sean F. Cox

D-8 David Lamont Holland,

    Defendant/Petitioner.
_____/

## OPINION & ORDER DENYING § 2255 MOTION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

In Criminal Case Number 12-20218, Petitioner David Lamont Holland ("Petitioner") pleaded guilty, pursuant to a Rule 11 Plea Agreement, to two counts of Robbery Affecting Interstate Commerce, in violation of 18 U.S.C. § 1951 and two counts of Using or Carrying a Firearm During a Federal Crime of Violence, in violation of 18 U.S.C. § 924(c). (Doc. # 102, Rule 11 Plea). This Court sentenced Petitioner to a total term of 240 months. (Doc. # 283).

The matter is now before the Court on Petitioner's *pro se* letter, construed by the Court as a Motion to Vacate Sentence brought pursuant to 28 U.S.C. § 2255. (Doc. # 418, Pet. Br.). Petitioner's request for relief is based upon the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. The Government has filed a response opposing Petitioner's motion. (Doc. # 405, Gov't Resp.). Petitioner has not filed a reply to the Government's response and time to do so has passed.

Because the files and records of the case conclusively establish that Petitioner is not

1

entitled to relief as to any of the claims set forth in this § 2255 motion, an evidentiary hearing is not necessary. The motion is therefore ready for a decision by this Court. For the reasons set forth below, Petitioner's motion to vacate will be **DENIED**. Moreover, the Court declines to issue a certificate of appealability.

## BACKGROUND

On May 2, 2013, Petitioner pleaded guilty, pursuant to a Rule 11 Plea Agreement, "to Counts Nine, Ten, Eleven and Twelve of the Third Superseding Indictment which charge two counts each of Robbery Affecting Interstate Commerce and Using or Carrying a Firearm During and in Relation to a Federal Crime of Violence." (Rule 11 Plea, at ¶ 1A). The Rule 11 Plea Agreement provided the following factual basis for Petitioner's guilty plea:

> On December 1, 2012, Jesse Gordon Dismukes, Jr. and DAVID LAMONT HOLLAND entered the Radio Shack store located at 15005 E. 8 Mile Road, Eastpointe, Michigan unmasked and robbed employees of cellular telephones and cash. The robbers brandished semi-automatic pistols which they pointed at the employees and ordered them to the back of the store where the cellular telephones were stored . . . .
>
> On December 7, 2012, Jesse Gordon Dismukes, Jr. and DAVID LAMONT HOLLAND entered the T-Mobile store located at 12555 Grand River in Detroit, Michigan unmasked and robbed employees of cellular telephones and cash. Dismukes brandished a pistol which he pointed at the employees and ordered them to surrender the cellular telephones, while HOLLAND gathered merchandise . . . .

(*Id*. at ¶ 1C).

This Court sentenced Petitioner to: (1) 40 months of imprisonment on Counts 9 and 11, to run concurrently; (2) to 80 months of imprisonment on Count 10, to run consecutively to the sentence imposed on Counts 9 and 11; and (3) to 120 months of imprisonment on Count 12, to run consecutively to the sentence imposed on all other counts. (Doc. # 283). Petitioner did not

file a direct appeal.

On June 16, 2016, Petitioner filed a *pro se* letter, which the Court has construed as a 28 U.S.C. § 2255 motion. (Doc. # 418). In it, Petitioner asserts that he received a significant enhancement under provisions that have subsequently been deemed unconstitutional by the Supreme Court in *Johnson*. The Government filed a brief in opposition to the motion on September 20, 2016. (Doc. # 405).

## STANDARD

Petitioner's motion is brought pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) ("evidentiary

3

hearings are not required when . . . the record conclusively shows that the petitioner is entitled to no relief."). Because the files and records of the case conclusively show that Petitioner is not entitled to relief as to any of the claims in this § 2255 motion, an evidentiary hearing is not necessary and the matter is ripe for a decision by this Court.

## ANALYSIS

A.    **Petitioner May Not Rely On *Johnson* To Collaterally Attack § 924(c) Convictions**

The Government advances one argument against Petitioner's motion: "the Sixth Circuit has declined to extend *Johnson* to section 924(c) convictions." (Gov't Resp. at 2). The Court agrees that Petitioner's § 2255 motion fails on this basis.

In *Johnson v. United States*, the Supreme Court invalidated the ACCA residual clause for being unconstitutionally vague. *Johnson*, 135 S.Ct. At 2257. Here, Petitioner cannot rely on *Johnson* for relief because the Court did not sentence Petitioner under the ACCA's residual clause. Nor was Petitioner sentenced under the ACCA.

Petitioner appears to be relying on *Johnson* to collaterally attack his 18 U.S.C. § 924(c) sentence. Presumably, Petitioner's position is that *Johnson* reaches § 924(c)(3)'s definition of a "crime of violence" since section 924(c)(3) includes a residual clause similar to the ACCA residual clause invalidated in *Johnson*. *See* 18 U.S.C. § 924(c)(3)(B).

Under § 924(c), anyone who uses or carries a firearm during or in relation to a "crime of violence" is subject to a mandatory minimum sentence. For purposes of § 924(c), a "crime of violence" is a felony offense that:

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or

property of another may be used in the course of committing the offense.

18 U.S.C. 924(c)(3). "The first clause, 924(c)(3)(B), is commonly referred to as the 'force' clause. The second, 924(c)(3)(B), is commonly referred to as the 'residual' clause[.]" *United States v. Moore*, 2016 WL 2591874, at *3 (E.D. Mich. May 5, 2016).

Here, the predicate crimes of violence charged in this case were Hobbs Act robberies (*i.e.*, robberies affecting interstate commerce). A Hobbs Act robbery, by definition, requires "actual or threatened force, or violence, or fear of injury." 18 U.S.C. § 1951(b)(1). This definition fits squarely within the definition of "crime of violence" as set forth the "force" clause of § 924(c)(3)(A). Thus, there is no need to resort to the "residual" clause of § 924(c)(3)(B) to determine whether a Hobbs Act robbery constitutes a "crime of violence" for purposes of § 924(c) firearm charges. *See Washington v. United States*, 2016 WL 4089133, at *1 (E.D. Mich. Aug. 2, 2016) ("Courts both within this Circuit and outside of it have held, even in the wake of *Johnson*, that Hobbs Act robbery qualifies as a crime of violence under the force clause of § 924(c)(3)(A), not the residual clause").

Moreover, even if it were necessary to rely upon the residual clause of § 924(c)(3)(B) to establish whether or not a Hobbs Act robbery constitutes a "crime of violence," Petitioner would still not be entitled to the relief he seeks here. To the extent that Petitioner is arguing that the residual clause under § 924(c)(3) is vague and unconstitutional because it uses the phrase "crime of violence" or because it contains a residual clause similar to that of the ACCA, this argument has already been rejected by the Sixth Circuit and district courts within it. *See, e.g., United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016) (rejecting the petitioner's "argument that *Johnson* effectively invalidated § 924(c)(3)(B)"); *Moore v. United States*, 2017 WL 68494 (N.D.

5

Ohio 2017) (same).

**B.     Certificate of Appealability**

A certificate of appealability must issue before a petitioner may appeal the district court's denial of his § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). 28 U.S.C. 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of a denial of a constitutional right. 28 U.S.C. 2253(c)(2).

"Where a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. As such, the Court declines to issue a certificate of appealability.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Petitioner's 28 U.S.C. § 2255 motion (Doc. # 418) is **DENIED**. Additionally, this Court declines to issue a certificate of appealability. This Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from his decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 29, 2017            s/Sean F. Cox
                                 Sean F. Cox
                                 U. S. District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

v.

D-8 David Lamont Holland,

    Defendant/Petitioner.
_____/

Criminal Case No. 12-20218

Hon. Sean F. Cox

PROOF OF SERVICE

I hereby certify that on March 29, 2017, the foregoing document was served on counsel of record via electronic means and upon David Lamont Holland via First Class mail at the address below:

David Lamont Holland 48212039
OTISVILLE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
OTISVILLE, NY 10963

                          s/J. McCoy
                          Case Manager