UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID LAMONT HOLLAND,

    Defendant.

_____/

Case No. 12-cr-20218

Hon. Sean F. Cox
United States District Court Judge

**ORDER
DENYING DEFENDANT'S REQUEST FOR INSTRUCTIONS ON
HOW TO FILE A LEGAL MALPRACTICE ACTION**

In this criminal case, the Court sentenced Defendant David Holland to twenty years in prison in 2014. A public defender, Benton Martin, later entered an appearance for Holland to litigate his eligibility for a sentencing reduction under 18 U.S.C. § 3582(c)(2) based on recent amendments to the U.S. Sentencing Guidelines. The Court ultimately denied the relevant relief, and Holland now asks the Court to "let [him] know how to file [a] negligence claim" against Martin. (ECF No. 727 PageID.6686).

By way of background, the Guidelines assess points based on a defendant's criminal history, and these criminal-history points can increase a defendant's guideline range. *See* U.S. Sent'g Comm'n, *Guidelines Manual* § 4A1.1 (2024) [hereinafter *2024 Guidelines*]. Amendment 821 to the Guidelines, which became effective on November 1, 2023, reduced the number of criminal-history points assessed to certain defendants. U.S. Sent'g Comm'n, *Guidelines Manual: Supplement to Appendix C*, at 234–43 (2024). As such, a defendant who received fewer criminal-history points because of Amendment 821 may have had a lower guideline range (and thus a lower sentence) than an identical defendant who was sentenced before November 1, 2023.

Section 3582(c)(2) permits defendants who have been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by a Guidelines amendment to move for a sentencing reduction "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* § 3582(c)(2). And the Commission has stated that courts may reduce sentences § 3582(c)(2) by retroactively applying Amendment 821. *2024 Guidelines* § 1B1.10(d).

The Court anticipated that many defendants it had sentenced to terms of incarceration would seek Amendment 821 reductions under § 3582(c)(2) November 1, 2023, so the Court appointed the Federal Community Defender Office for the Eastern District of Michigan ("FCDO") as counsel for all indigent defendants who might qualify for such relief. *In re Retroactive USSG Amends.*, 23-AO-055 (E.D. Mich. Oct. 4, 2023), https://perma.cc/WKY5-L55Q. And the FDCO's representation was limited to assessing and litigating whether a defendant qualified for an Amendment 821 reduction. *See id.*

The Court also approved a joint protocol between the FDCO, the Government, and the Probation Department for resolving Amendment 821 reductions. *See* Protocol for Resolving 3582(c) Motions (Oct. 4, 2023), https://perma.cc/67BN-N289. Pursuant to that protocol, the Probation Department issued memoranda stating whether defendants qualified for Amendment 821 reductions. *Id.* 1 ¶ 2–3. For indigent defendants, these memoranda were provided to their FDCO attorney. *Id.* ¶ 3. If the Probation Department found that an indigent defendant did *not* qualify for an Amendment 821 reduction and the defendant's FDCO attorney made no objection within three weeks, then the Court construed the Department's memorandum as its own motion for an Amendment 821 reduction under § 3582(c)(2) and denied relief. *Id.* ¶ 5.

That is what happened here. FDCO attorney Martin entered an appearance for Holland in November 2023 to litigate Holland's eligibility for an Amendment 821 reduction. (ECF No. 679). In February 2024, the Probation Department filed a memorandum stating that Holland did not qualify for an Amendment 821 reduction. (ECF No. 686). Martin did not object, so the Court denied § 3582(c)(2) relief based on Amendment 821 in February 2025. (ECF No. 720).

Holland now asks the Court to tell him how to sue Martin for legal malpractice in connection with Martin's performance during the Amendment 821–reduction proceedings. The Court declines to do so. It is not this Court's role to dispense legal advice. It suffices to say that filing documents in this criminal proceeding is not the proper way for Holland to litigate civil claims against anyone, including Martin. Accordingly, **IT IS ORDERED** that Holland's request (ECF No. 727) is **DENIED**.

    **IT IS SO ORDERED.**

                                             <u>s/Sean F. Cox</u>
                                             Sean F. Cox
                                             United States District Judge

Dated: May 16, 2025